### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**NICHOLAS LAIRD**                                    **CIVIL ACTION**

**VERSUS**                                            **NO. 22-3537**

**LIBERTY PERSONAL INSURANCE CO.**          **SECTION: "G"(4)**

### ORDER AND REASONS

Before the Court is Plaintiff Nicholas Laird's ("Plaintiff") "Motion to Remand."[1] Plaintiff argues that the case should be remanded because Defendant Liberty Personal Insurance Company ("Defendant") fails to meet its burden of showing that the parties are completely diverse to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] Defendant opposes the motion and argues that the Notice of Removal sufficiently alleges its diverse citizenship.[3] For the reasons discussed in detail below, Defendant sufficiently alleges its citizenship to support removal pursuant to 28 U.S.C. § 1332. Accordingly, considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

### I. Background

This litigation arises out of alleged damage to Plaintiff's property during Hurricane Ida.[4] Plaintiff filed a petition for damages against Defendant (the "Petition") in the Twenty-First Judicial

---

[1] Rec. Doc. 10.

[2] *See* Rec. Doc. 10-1 at 1–2.

[3] Rec. Doc. 12 at 7.

[4] Rec. Doc. 1-2 at 6.

District Court for the Parish of Tangipahoa on August 22, 2022.[5] According to the Petition, Plaintiff purchased an insurance policy from Defendant insuring his property against damages.[6] Plaintiff avers that, on August 29, 2021, the property covered by the insurance policy was extensively damaged by Hurricane Ida.[7]

On September 29, 2022, Defendant removed the action to this Court, asserting diversity subject matter jurisdiction under 28 U.S.C. § 1332.[8] In the Notice of Removal, Defendant alleges that complete diversity exists between the parties because Plaintiff is a citizen of Louisiana and Defendant is a corporation organized under the laws of New Hampshire with its principal place of business in Massachusetts.[9] On October 19, 2022, Plaintiff filed the instant motion to remand.[10] On November 8, 2022, Defendant opposed the motion.[11]

## II. Parties' Arguments

### A.    *Plaintiff's Arguments in Support of Remand*

Plaintiff argues that removal was improper because Defendant provides insufficient proof of diversity.[12] Plaintiff avers that, although Defendant acknowledges that it bears the burden of proof to establish its citizenship, it "provides no competent evidence that it is a citizen of a different

---

[5] *See id.*

[6] *Id.*

[7] *Id.*

[8] Rec. Doc. 1 at 2.

[9] *Id.* at 3. Defendant also alleges that the amount in controversy requirement for diversity jurisdiction is satisfied because Plaintiff submitted a demand letter requesting that Defendant tender $76,485.27. *Id.* at 4 (citing Rec. Doc. 1-4).

[10] Rec. Doc. 10.

[11] Rec. Doc. 10-1 at 2.

[12] *Id.*

state."[13] Plaintiff asserts that the only evidence of Defendant's citizenship—"a printout from the Louisiana Department of Insurance"—is neither "self-authenticating nor is it sworn to by an affidavit of the Louisiana Insurance Commissioner."[14] Plaintiff further asserts that "it is questionable whether the Louisiana Department of Insurance is the right person to determine the domicile of the [Defendant]."[15] Thus, Plaintiff concludes that the matter should be remanded.[16]

**B.    *Defendant's Arguments in Opposition***

In opposition, Defendant makes three arguments. First, Defendant argues that Plaintiff confuses "two separate concepts: 1) the sufficiency of factual allegations required to state a claim for removal; and 2) the burden of proof requisite to sustain removal if any allegations have been challenged."[17] Defendant asserts that it has sufficiently pled diversity jurisdiction by setting out its principal place of business and its state of incorporation.[18] Thus, Defendant concludes that the Notice of Removal is sufficient on its face to allege complete diversity.[19]

Second, Defendant argues that Plaintiff "does not dispute that diversity jurisdiction exists."[20] Defendant asserts that Plaintiff's argument regarding the competency of its proof of citizenship "is necessarily premature."[21] Therefore, Defendant contends that it has "properly

---

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.* at 2–3.

[17] Rec. Doc. 12 at 4.

[18] *Id.* (citing *Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985)).

[19] *Id.*

[20] *Id.*

[21] *Id.*

alleged its citizenship" and so "is allowed to rely on its pleadings until such time as a factual allegation is disputed."[22]

Third, Defendant argues that it submitted competent evidence of its citizenship by providing the information it must provide to the Louisiana Department of Insurance in order to be an admitted insurer in Louisiana.[23] Defendant avers that "Plaintiff concedes that this [information] can be admissible evidence at trial, and therefore is competent evidence" by arguing that the information provided must be self-authenticating or sworn to by affidavit.[24] Defendant contends that it also submitted a Corporate Disclosure Statement with the Notice of Removal which affirmatively declares its citizenship and "can be admitted at trial through the testimony of [Defendant's] representative."[25] Finally, Defendant asserts that "this Court has previously accepted this same standard of evidence as proof of [its] diversity of citizenship" but, nevertheless, Defendant provides a certificate of its citizenship as an exhibit to the opposition out of an abundance of caution.[26]

### III. Legal Standard

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.[27] The diversity statute, 28 U.S.C. section 1332, is satisfied upon a showing of (1) diversity between the parties; and (2) an amount in controversy in excess of

---

[22] *Id*.

[23] *Id*. at 5.

[24] *Id*. at 5–6.

[25] *Id*. at 6.

[26] *Id*. (citing *Ann Saia v. Liberty Mutual Fire Ins. Co.*, No. 22-866; Rec. Doc. 12-1).

[27] *See* 28 U.S.C. § 1441(a).

$75,000, exclusive of interest and costs.[28] The removing party bears the burden of demonstrating that federal jurisdiction exists.[29] In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[30]

Diversity, as prescribed by Section 1332, requires that "all persons on one side of the controversy be citizens of different states than all persons on the other side."[31] Where "jurisdiction depends on citizenship, citizenship must be *distinctly* and *affirmatively* alleged."[32] The burden of proving diversity jurisdiction "rests upon the party who seeks to invoke the court's diversity jurisdiction."[33] The federal diversity jurisdiction statute provides that a corporation is a citizen of its state-of-incorporation and "of the State where it has its principal place of business."[34]

## IV. Analysis

Plaintiff moves the Court to remand this case, arguing that Defendant's proof of citizenship is insufficient to establish diversity jurisdiction.[35] Defendant opposes, arguing that it provides sufficient evidence of citizenship to support its claim for removal.[36] The parties do not contest that the amount in controversy exceeds $75,000. Indeed, the amount in controversy requirement is

---

[28] 28 U.S.C. § 1332.

[29] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[30] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[31] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted).

[32] *Getty Oil Corp., a Div. of Texaco Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

[33] *Id.*

[34] 28 U.S.C. § 1332(c)(1).

[35] *See* Rec. Doc. 10-1.

[36] *See* Rec. Doc. 12.

satisfied because Plaintiff submitted a pre-suit demand letter to Defendant on April 7, 2022, requesting that Defendant tender $76,485.27.[37] Therefore, at issue here is whether Defendant sufficiently stated that the parties are completely diverse to support removal pursuant to 28 U.S.C. § 1332.

Pursuant to 28 U.S.C. § 1446(a), "defendants desiring to remove any civil action from a State court shall file in the district court . . . a notice of removal . . . containing a short and plain statement of the grounds for removal."[38] The Supreme Court has stated that, "[b]y design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure" to "'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'"[39] Based on this standard, the Supreme Court held that, "when a defendant seeks federal court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."[40] There is no case law suggesting that this same standard should not be applied to a defendant's allegations regarding citizenship for purposes of diversity. Rather, the Fifth Circuit has simply stated that, where "jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively *alleged*."[41]

---

[37] Rec. Doc. 1-4.

[38] 28 U.S.C. § 1446.

[39] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (citing 14C C. Wright, A. Miller, E. Cooper, & J. Steinman, *Federal Practice and Procedure* § 3733, pp. 639–641 (4th ed. 2009); quoting H.R.Rep. No. 100–889, p. 71).

[40] *Id*.

[41] *Getty Oil Corp.*, 841 F.2d at 1259 (emphasis added and omitted).

Plaintiff does not contest the actual citizenship of the parties, but merely the sufficiency of Defendant's allegations regarding citizenship in the Notice of Removal. Thus, the question is whether Defendant distinctly and affirmatively alleges its citizenship to establish diversity in the Notice of Removal. In the Notice of Removal, Defendant states that it "is a nongovernmental corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business at 175 Berkely Street, Boston, Massachusetts."[42] Therefore, because a corporation is a citizen of its state-of-incorporation and "of the State where it has its principal place of business,"[43] Defendant "affirmatively and distinctly alleges" in the Notice of Removal that it is a citizen of New Hampshire and Massachusetts for purposes of diversity jurisdiction. Given that Defendant attaches proof and certification of its state of incorporation and principal place of business to the Notice of Removal and its opposition, and because Plaintiff does not contest the truthfulness of the allegations, the Court sees no reason to question Defendant's citizenship.[44] Thus, the Notice of Removal sufficiently alleges that the parties are completely diverse to satisfy the requirements of 28 U.S.C. § 1332. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Remand"[45] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this _28th_ day of November, 2022.

_Nannette Jolivette Brown_

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[42] Rec. Doc. 1 at 3.

[43] 28 U.S.C. § 1332(c)(1).

[44] Rec. Doc. 1-3; Rec. Docs. 12-1, 12-2.

[45] Rec. Doc. 10.